IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WALTON GLOBAL HOLDINGS, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 4:25-cv-00691 |
| DOUGLAS M. DONALD, | § § § | |
| *Defendant.* | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Walton Global Holdings, LLC ("Walton" or "Plaintiff") files this Original Complaint for Declaratory Relief, and alleges as follows:

## SUMMARY OF THE CLAIM

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2. Walton seeks a declaration to construe the terms of a Professional Services Agreement between Walton and Defendant Douglas M. Donald ("Donald"), as amended, and to resolve an existing dispute regarding whether any bonus is owed to Defendant thereunder.

3. The Professional Services Agreement at issue was terminated pursuant to its terms in 2024, and the only amounts owed to Defendant thereafter were certain bonuses that had specific conditions and limitations (as set forth below). Walton has paid the bonuses owed to Defendant in full pursuant to the terms of the Professional Services Agreement, as amended, yet Defendant continues to assert additional amounts are owed to him despite the clear language of the parties' agreement to the contrary.

## PARTIES

4. Plaintiff Walton is a is a Delaware limited liability company with its principal place of business in Arizona. Walton's sole member is Walton Development Holdings, Inc. – a Delaware corporation with its principal place of business in Scottsdale, Arizona. Therefore, Plaintiff Walton is a citizen of Arizona and Delaware for diversity of citizenship purposes.

5. Defendant Donald is a citizen of Canada whose domicile is in Grapevine, Texas, and he may be served at 444 E. Dallas Road, Apartment 2422, Grapevine, Texas 76051, or wherever he may be found.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this lawsuit involves parties of diverse citizenship (Plaintiff is a citizen of Arizona and Delaware, and Defendant is a citizen of Canada whose residence in the United States is in Texas) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendant Donald because his domicile is in the State of Texas and the cause of action in this case arises out of and is directly related to Donald's contacts with the State of Texas (as described below).

8. Under 28 U.S.C. § 1391(b)(1), venue is proper in this Court because Defendant Donald resides in Tarrant County, Texas.

## FACTS

**A. The Professional Services Agreement, as Amended.**

9. Effective as of January 1, 2022, Plaintiff Walton and Defendant Donald entered into a Professional Services Agreement (the "<u>Original Agreement</u>"), whereby Donald served as an independent contractor for Walton who performed his services in Texas in exchange for: (i) an

agreed monthly "Contractor Fee," and (ii) a "PDLI Bonus" for real property specifically identified by Donald that was "acquired" by Walton or its affiliates as a result of Donald's work as specified in the Original Agreement. A true and correct copy of the Original Agreement (redacting the monthly Contractor Fee amount) is attached as Exhibit 1 and is incorporated herein by reference.

10. The Original Agreement did not provide for any bonus to Donald in connection with *dispositions* or *sales* of real property by Walton or its affiliates.

11. On or about June 26, 2024, Walton and Donald agreed to amend the Original Agreement by a letter agreement, a true and correct copy of which (redacting the monthly Contractor Fee amount) is attached as Exhibit 2 and is incorporated herein by reference (the "Amendment," and together with the Original Agreement, the "Amended Agreement"). In the event Donald chose not to accept and agree to the terms of the Amendment, the letter specifies that it would serve as written notice to terminate the Original Agreement. But rather than allow the Original Agreement to be terminated, Donald chose to accept the terms in the Amendment and to proceed with the Amended Agreement.

12. The Amended Agreement provided that Donald would "have an opportunity to participate" in Walton's "Bonus Programs" for dispositions (i.e., sales) of real property that were closed from July 1, 2024 through June 30, 2025 (the "Bonus Period") if: (i) the property was under a "Definitive Agreement" as of June 30, 2024, (ii) Donald "played a part in negotiating or contracting" for such property, and (iii) the property is located in Texas or Oklahoma. If all of these conditions were met, the amount of Donald's bonus would be:

- For sales closing between July 1 and December 31, 2024, Donald's bonus would be 50% of the combined bonus paid to the Walton Real Estate Manager and Land Manager resulting from that sale; and

- For sales closing between January 1 and June 30, 2025, Donald's bonus would be 25% of the combined bonus paid to the Walton Real Estate Manager and Land Manager resulting from that sale.

13. The Amended Agreement did <u>not</u> obligate Walton to pay Donald any bonus as a result of a disposition (sale) of property if either: (i) the Walton Real Estate Manager and Land Manager were not paid a bonus as a result of that disposition, or (ii) the sale closes on or after July 1, 2025.

14. Either party could terminate the Amended Agreement on thirty (30) days' prior written notice to the other party.

15. On August 2, 2024, Walton provided Donald with written notice that the Amended Agreement with Walton would be terminated in 30 days. As a result, the Amended Agreement terminated on September 1, 2024.

16. After September 1, 2024, Donald was no longer obligated to provide services under the Amended Agreement, and Walton was not obligated to continue paying his monthly Contractor Fee. Despite the termination of the Amended Agreement, Walton continued to pay Donald bonuses resulting from closings of property dispositions that occurred through June 30, 2025, to the extent such dispositions met the criteria for a bonus as set forth in the Amendment and summarized above.

### B. Dispositions of Real Property Subject to the Amended Agreement.

17. During the Bonus Period (July 1, 2024 through June 30, 2025), Walton or its affiliates disposed of (i.e., sold) four tracts of property located in Texas for which Donald had a role in negotiating or contracting.

18. The first sale during the Bonus Period which Donald had a role in negotiating or contracting involved 32.4 acres in Red Oak, Texas (the "<u>Red Oak Property</u>"). Under the terms of the Amended Agreement, Donald did not qualify for a bonus based on the sale of the Red Oak

Property because that sale did not result in any bonuses being paid to the Walton Real Estate Manager or the Land Manager.

19. The second sale during the Bonus Period which Donald had a role in negotiating or contracting involved an 817-acre tract located in Caldwell County, Texas (the "Caldwell 817-acre Property"). Under the terms of the Amended Agreement for sales closing between July 1 and December 31, 2024, Walton paid Donald a bonus in the amount of $20,619.12 – which is 50% of the combined bonuses paid to the Walton Real Estate Manager or the Land Manager resulting from the sale of the Caldwell 817-acre Property.

20. The third sale during the Bonus Period which Donald had a role in negotiating or contracting involved a 1,515-acre tract located in Caldwell County, Texas (the "Caldwell 1,515-acre Property"). Under the terms of the Amended Agreement for sales closing between January 1 and June 30, 2025, Walton paid Donald a bonus in the amount of $26,158.47 – which is 25% of the combined bonuses paid to the Walton Real Estate Manager or the Land Manager resulting from the sale of the Caldwell 1,515-acre Property.

21. The fourth sale during the Bonus Period which Donald had a role in negotiating or contracting involved a 206.3-acre tract located in Brazoria County, Texas (the "Brazoria Meadows Property"). Under the terms of the Amended Agreement for sales closing between January 1 and June 30, 2025, Walton paid Donald a bonus in the amount of $3,440.89 – which is 25% of the combined bonuses paid to the Walton Real Estate Manager or the Land Manager resulting from the sale of the Brazoria Meadows Property.

22. No other acquisitions or dispositions of property in Texas or Oklahoma, on which Donald had a role in negotiating or contracting, closed during the Bonus Period.

23. The Bonus Period has now expired, and the above bonuses paid in full any and all obligations Walton owed to Donald based on closings that occurred after July 1, 2024. Walton owes no further compensation to Donald under the Amended Agreement.

### C. A Genuine Dispute Exists.

24. Donald claims the Amendment was not effective and did not amend the Original Agreement, that the controlling terms are those in the Original Agreement, and that Walton still owes bonuses to Donald for dispositions occurring during the Bonus Period and thereafter.

25. Based on these erroneous contentions, Donald has asserted, and continues to assert, claims against Walton for additional bonuses he alleges are owed to him. Donald's counsel sent an email to Walton asserting that "[i]t is our [Donald's] position that Walton still owes Mr. Donald $355,488.78."

26. Walton disputes each of these contentions.

## COUNT I: DECLARATORY JUDGMENT

27. Walton realleges and incorporates by reference all allegations contained in the preceding paragraphs.

28. This is a claim for declaratory judgment pursuant to 28 U.S.C. § 2201.

29. A bona fide, actual dispute exists as set forth above, and Walton has a present and practical need for a declaration in order to determine whether the Amendment was effective, whether Walton fully performed all of its payment obligations to Donald under the Amended Agreement, and whether any bonuses are or will be owed to Donald for prior dispositions or for dispositions of property that close on or after July 1, 2025.

30. Walton seeks a declaration that: (i) the Original Agreement did not require Walton to pay any bonuses to Donald based on any dispositions of property, (ii) the Amendment is

effective and its conditions and limitations apply to any bonuses owed by Walton to Donald for acquisitions or dispositions closing between July 1, 2024 and June 30, 2025, (iii) the Amended Agreement does not require Walton to pay any bonus to Donald for any acquisition or disposition of property that is closed on or after July 1, 2025, (iv) Walton has paid in full any and all bonus obligations owed to Donald under the Amended Agreement, and (v) Walton owes no further compensation or bonus obligation to Donald.

31. The declaration Walton seeks in this case deals with a present, ascertained, or ascertainable state of facts or present controversy as to a state of facts.

32. The antagonistic and adverse interests are all before the Court.

33. The relief sought is not merely the giving of legal advice by the Court of the answers to questions propounded from curiosity.

34. Walton also seeks to recover from Donald all reasonable attorneys' fees incurred by Walton through the declaratory judgment set forth above and for any appeal thereof.

## **PRAYER**

WHEREFORE, Plaintiff Walton Global Holdings, LLC requests that this Court enter a judgment in its favor and against Defendant Douglas M. Donald, as follows:

- Declaring that: (i) the Original Agreement did not require Walton to pay any bonuses to Donald based on any dispositions of property, (ii) the Amendment is effective and its conditions and limitations apply to any bonuses owed by Walton to Donald for acquisitions or dispositions closing between July 1, 2024 and June 30, 2025, (iii) the Amended Agreement does not require Walton to pay any bonus to Donald for any acquisition or disposition of property that is closed on or after July 1, 2025, (iv) Walton

has paid in full any and all bonus obligations owed to Donald under the Amended Agreement, and (v) Walton owes no further compensation or bonus obligation to Donald;

- Awarding Walton its reasonable attorneys' fees through the declaratory judgment set forth above and for any appeal thereof; and

- Awarding such other relief as the Court deems just.

Respectfully Submitted,

*/s/ Karl G. Dial*
Karl G. Dial
 State Bar No. 05800400
 dialk@gtlaw.com
Morgan E. Jones
 State Bar No. 24132301
 morgan.jones@gtlaw.com
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:  (214) 665-3600
Facsimile:  (214) 665-3601

ATTORNEYS FOR PLAINTIFF