**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **WALTON GLOBAL HOLDINGS, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-CV-00691-O** |
| | § | |
| **DOUGLAS M. DONALD** | § | |
| | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**OPINION & ORDER**

Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 22), Brief in Support (ECF No. 23); Defendant's Response (ECF No. 27), Brief in Support (ECF No. 28); and Plaintiff's Reply (ECF No. 30). Having reviewed the Parties' filings and the relevant caselaw, the Court **GRANTS** Plaintiff's Motion for Summary Judgment.

## I. BACKGROUND[1]

Plaintiff Walton Global Holdings, LLC ("Plaintiff") is a Delaware limited liability company with its principal place of business in Arizona. Defendant Doulgas M. Donald ("Defendant") is a Canadian citizen domiciled in Grapevine, Texas. Plaintiff and Defendant entered into a Professional Services Agreement ("the Original Agreement") effective January 1, 2022, under which Defendant served as an independent contractor for Plaintiff. The Original Agreement provided for a monthly contractor fee and a "PDLI Bonus" for certain real property

[1] Unless otherwise specified, undisputed facts are taken from the summary judgment briefing, ECF Nos. 22–24, 27–30.

acquired by Plaintiff or its affiliates as a result of Defendant's work. The Original Agreement did not provide for bonuses based on the disposition or sale of real property.

On June 26, 2024, Plaintiff and Defendant entered into a letter agreement (the Amendment") amending the Original Agreement. The Amendment provided Defendant an opportunity to participate in Plaintiff's bonus programs for certain dispositions of real property closing between July 1, 2024, and June 30, 2025 (the "Bonus Period"). To qualify for a bonus, (1) the property had to be subject to a "Definitive Agreement" as of June 30, 2024; (2) Defendant had to have played a part in negotiating or contracting for the property; and (3) the property had to be located in Texas or Oklahoma. For qualifying sales closing between July 1 and December 31, 2024, Defendant was entitled to 50% of the combined bonus paid to Plaintiff's Real Estate Manager and Land Manager. For qualifying sales closing between January 1 and June 30, 2025, Defendant was entitled to 25% of those combined bonuses. The Amendment further provided that Plaintiff was not obligated to pay Defendant a bonus if the Real Estate Manager and Land Manager were not paid a bonus on the disposition or if the sale closed on or after July 1, 2025.

The Amendment also permitted either party to terminate the agreement on thirty days' written notice. On August 2, 2024, Plaintiff provided Defendant with written notice of termination, and the Amended Agreement terminated on September 1, 2024. Although Defendant was no longer required to provide services and Plaintiff was no longer required to pay the monthly contractor fee after that date, Plaintiff continued to pay Defendant bonuses for qualifying property dispositions that closed through June 30, 2025.

During the Bonus Period, Plaintiff or its affiliates sold four Texas properties for which Defendant had a role in negotiating or contracting. First, Plaintiff sold 32.4 acres in Red Oak, Texas. Defendant did not receive a bonus for that sale because the disposition did not result in a

bonus being paid to Plaintiff's Real Estate Manager or Land Manager. Second, Plaintiff sold an 817-acre tract in Caldwell County, Texas. Plaintiff paid Defendant a $20,619.12 bonus, representing 50% of the combined bonuses paid to Plaintiff's Real Estate Manager and Land Manager. Third, Plaintiff sold a 1,515-acre tract in Caldwell County, Texas. Plaintiff paid Defendant a $26,158.47 bonus, representing 25% of the combined bonuses paid to Plaintiff's Real Estate Manager and Land Manager. Fourth, Plaintiff sold a 206.3-acre tract in Brazoria County, Texas. Plaintiff paid Defendant a $3,440.89 bonus, likewise representing 25% of the combined bonuses paid to Plaintiff's Real Estate Manager and Land Manager. No other qualifying acquisitions or dispositions involving Defendant closed during the Bonus Period.

After the Bonus Period expired, Defendant disputed the effectiveness of the Amendment and contended that the Original Agreement controlled. Defendant further asserted that Plaintiff owed him $355, 488.78 in additional bonuses for dispositions occurring during and after the Bonus Period. Plaintiff disputes Defendant's position and contends that the bonuses it paid satisfied all of its obligations under the Amended Agreement.

Plaintiff filed this action seeking a declaration under 28 U.S.C. § 2201 regarding the parties' respective rights and obligations under the Original Agreement and Amendment.[2] Defendant filed an Answer and asserted counterclaims for breach of contract, unjust enrichment, promissory estoppel in the alternative, theft of services under the Texas Liability Act, and conversion.[3] Plaintiff then filed a Motion for Summary Judgement against Defendant on all of his

[2] Pl.'s Compl., ECF No. 1.
[3] Def.'s Countercl., ECF No. 13; Def.'s Answer, ECF No. 14.

counterclaims.[4] Defendant provided a Response and Plaintiff in turn, filed a Reply.[5] The Motion is now ripe for review.

## II. LEGAL STANDARD

### A. Motion for Summary Judgment

The Court should grant summary judgment where the pleadings and evidence show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is not "a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (citation modified).

"[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant must inform the court of the basis of its motion and demonstrate from the record that no genuine dispute as to any material fact exists. *See Celotex*, 477 U.S. at 323. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

When reviewing the evidence on a motion for summary judgment, the Court must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). If there is no

---

4 Pl.'s Mot. Summ. J., ECF No. 22.
5 Def.'s Resp., ECF No. 28; Pl.'s Reply, ECF No 30.

support for disputed allegations such that "reasonable minds could differ as to the import of the evidence," the Court will grant the motion. *Anderson*, 477 U.S. at 250.

**B. Breach of Contract**

Under Texas law, to prevail on a breach of contract claim, Plaintiff must prove four essential elements: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages sustained as a result. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 415 (5th Cir. 2021).

**C. Unjust Enrichment**

Under Texas law, a party may recover for unjust enrichment "when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). "[W]hen a party claims that it is owed more than the payments called for under a contract, there can be no recovery for unjust enrichment if the same subject is covered by the express contract." *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) (citation modified).

**D. Promissory Estoppel**

Under Texas law, to prevail on a promissory estoppel claim, Plaintiff must prove the elements: "(1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *Addicks Services, Inc. v. GGP-Bridgeland*, LP, 596 F.3d 286, 300 (5th Cir. 2010) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)). "Texas Courts have held that promissory estoppel becomes available to a claimant only in the *absence* of

a valid and enforceable contract." *Tremble v. Wells Fargo Home Mortg*., Inc., 478 Fed. App'x. 164, 166 (5th Cir. 2012) (per curiam) (citation modified) (emphasis in original).

**E. Texas Theft Liability Act**

Under the Texas Theft Liability Act ("TTLA"), "[a] person who commits theft is liable for the damages resulting from the theft." TEX. CIV. PRAC. & REM. CODE § 134.003(a). To prevail on a TTLA claim, the plaintiff must establish: "(1) the plaintiff . . . was the provider of services; (2) the defendant . . . unlawfully obtained services in violation of certain sections of the Penal Code; and (3) the plaintiff sustained damages as a result of the theft." *Wellogix, Inc. v. Accenture, LLP*, 788 F. Supp. 2d 523, 542 (S.D. Tex. 2011). To establish that the defendant unlawfully obtained services in violation of certain sections of the Penal Code, the plaintiff must show that the defendant "(1) intended to avoid payment for a service that the person knew was provided only for compensation, (2) acting with that intent, . . . intentionally and knowingly (3) secured the other person's performance of a service (4) by deception." *Van Gasbeck v. O'Dell*, 2023 WL 8586391, at *6 (W.D. Tex. Nov. 28, 2023); TEX. PENAL CODE § 31.04(a).

**F. Conversion**

Conversion is the "wrongful exercise of dominion and control over another's property in denial of or inconsistent with [that person's] rights." *Waisath v. Lack's Stores*, Inc., 474 S.W.2d 444, 446 (Tex. 1971). The elements of a conversion claim are: "(1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4)

the defendant refused to return the property." *Burns v. Rochon*, 190 S.W.3d 263, 268 (Tex. App.–Houston [1st Dist.] 2006, no pet.).

"Under Texas law, there is no cause of action for conversion of money unless the money can be identified as a specific chattel." *Consortium Info. Services, Inc. v. Nat'l Info. Services, Inc.*, 2001 WL 1516758, at *5 (N.D. Tex. Nov. 27, 2001) (citing *Mitchell Energy Corp. v. Samson Res. Co.*, 80 F.3d 976, 984 (5th Cir. 1996).

## III. ANALYSIS

### A. Breach of Contract

Defendant alleges that Plaintiff breached the parties' agreement by failing to pay disposition bonuses that Defendant contends he earned before the June 2024 Amendment.[6] Specifically, Defendant argues that the February 2022 Change Order required him to perform disposition services and that the parties' subsequent course of performance established his right to compensation under the "Pre-2024 Formula."[7]

But, neither the Original Agreement nor the February 2022 Change Order, however, provides Defendant a contractual right to disposition bonuses under that formula. Although the Change Order expanded Defendant's responsibilities to include disposition-related services, it did not require Plaintiff to pay a transaction-based disposition bonus or prescribe a formula for doing so. Defendant instead relies on Plaintiff's prior payments of disposition bonuses to supply that contractual obligation. Those payments do not create a genuine dispute of material fact. Both parties maintain that the Original Agreement is unambiguous[8], and extrinsic evidence cannot be used to add an obligation absent from an unambiguous agreement. *See Barrow-Shaver Res. Co. v.*

---

[6] Def.'s Resp. 5, ECF No. 28.
[7] *Id*. at 16.
[8] Pl.'s Mot. Summ. J. 12, ECF No. 22; Def.'s Resp. 11, ECF No. 28.

*Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 483 (Tex. 2019). Nor does Plaintiff's history of paying disposition bonuses[9] establish a contractual obligation to continue making such payments. *See Sun Oil Co. v. Madeley*, 626 S.W.2d 726, 734 (Tex. 1981). This is particularly so where the Original Agreement permitted Plaintiff to amend the bonus structure and the evidence reflects that Plaintiff did not apply a uniform formula to every disposition.[10]

Defendant's argument that he "earned" the disputed bonuses before the June 2024 Amendment therefore assumes a contractual right that he has not established.[11] Moreover, the Amendment expressly replaced the prior bonus structure and specifically addressed "[d]ispositions of land assets in Definitive Agreements as of June 30th, 2024."[12] Thus, it governed the pending transactions for which Defendant now seeks additional compensation.

Defendant's challenge to the Amendment for lack of consideration also fails.[13] Plaintiff agreed to continue the Parties' contractual relationship rather than terminate the Original Agreement and provided additional contractual compensation rights. Defendant negotiated and executed the Amendment, continued performing under it, and accepted payments made pursuant to its terms. His subsequent termination does not create a genuine dispute concerning the existence of consideration at the time the Amendment was executed.

Accordingly, Defendant has not identified evidence from which a reasonable jury could find that Plaintiff breached an enforceable contractual obligation to pay the Pre-2024 Formula.

---

[9] Pl.'s Mot. Summ. J. 6, ECF No. 22.
[10] Pl.'s Mot. Summ. J. 4, ECF No. 22.
[11] Def.'s Resp. 18, ECF No. 28.
[12] Pl.'s Mot. Summ. J. 7, ECF No. 22.
[13] Def.'s Resp. 20–25, ECF No. 28.

The Court therefore **GRANTS** Plaintiff's Motion for Summary Judgment as to Defendant's breach of contract counterclaim.

**B. Unjust Enrichment**

Defendant alternatively seeks recovery for unjust enrichment. But "[w]hen a party claims that it is owed more than the payments called for under a contract, there can be no recovery for unjust enrichment if the same subject is covered by the express contract." *Fortune Prod. Co.*, 52 S.W.3d at 684 (citation modified).

Here, the Parties' agreements govern Defendant's services and compensation, including compensation for pending dispositions. Defendant's argument that the Original Agreement did not specify the precise amount of disposition compensation does not alter the fact that an express contractual relationship governs the subject matter of this claim.[14] He therefore cannot obtain additional compensation through unjust enrichment.

Accordingly, the Court therefore **GRANTS** Plaintiff's Motion for Summary Judgment as to Defendant's unjust enrichment counterclaim.

**C. Promissory Estoppel**

Defendant's promissory estoppel claim likewise fails because promissory estoppel is available only in the absence of a valid and enforceable contract governing the subject matter of the alleged promise. *Tremble*, 478 F. App'x at 166. The Parties' Agreement governs Defendant's services and corresponding compensation. Moreover, Defendant identifies no definite promise that Plaintiff would continue paying disposition bonuses according to the Pre-2024 Formula. His evidence that Plaintiff previously made such payments and that he reasonably expected the practice to continue does not establish a promise to continue doing so. *See Sun Oil*, 626 S.W.2d at 734. Nor

[14] Def.'s Resp. 12, ECF No. 28.

can Defendant establish detrimental reliance merely by performing services he was already contractually obligated to perform. *See Thanksgiving Tower Partners v. Anros Thanksgiving Partners*, 64 F.3d 227, 233 (5th Cir. 1995).

Accordingly, the Court therefore **GRANTS** Plaintiff's Motion for Summary Judgment as to Defendant's promissory estoppel counterclaim.

**D. Texas Theft Liability Act**

Defendant's TTLA claim requires evidence that Plaintiff intended to avoid payment and, acting with that intent, secured Defendant's services by deception. *Van Gasbeck*, 2023 WL 8586391, at *6. Defendant identifies the June 2024 Amendment and his subsequent termination as evidence of Plaintiff's alleged deception.[15] But Defendant simultaneously maintains that he performed the services at issue between October 2023 and May 2024, before the alleged deception occurred.[16] The Amendment therefore could not have been the deception through which Plaintiff secured Defendant's performance. Nor does Defendant identify evidence that Plaintiff intended to avoid payment when it originally obtained his services. At most, the evidence demonstrates a later dispute concerning the amount Plaintiff owed for those services. That is insufficient to establish

[15] Def.'s Resp. 27–28, ECF No. 28.
[16] *Id*. at 18.

that Plaintiff obtained Defendant's services through deception while contemporaneously intending to avoid payment.

Accordingly, the Court **GRANTS** Plaintiff's Motion for Summary Judgment as to Defendant's TTLA counterclaim.

**E. Conversion**

Defendant's conversion claim alleges that Plaintiff wrongfully retained the disposition bonuses owed to him.[17] But under Texas law, money is subject to conversion only when it is identifiable as a specific chattel. *Consortium Info. Servs., Inc.*, 2001 WL 1516758, at *5. Defendant argues that the funds are identifiable because Plaintiff received proceeds when the underlying transactions closed.[18] But Defendant does not identify segregated funds held on his behalf or any specific fund over which he possessed an ownership or possessory interest. Rather, he seeks an amount allegedly owed under the parties' compensation arrangement. Such a contractual debt does not support a claim for conversion.

Accordingly, the Court **GRANTS** Plaintiff's Motion for Summary Judgment as to Defendant's TTLA counterclaim.

## IV. CONCLUSION

For the reasons stated above, Walton Global Holdings, LLC's Motion for Summary Judgment (ECF No. 22) should be, and is hereby, **GRANTED**.

**SO ORDERED** this **7th day** of **October, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE

[17] *Id*. at 8–9.
[18] *Id*. at 19–20.